UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                             )     Criminal No. 19-CR-10264-PBS<br>)<br>YANNICK MINANG, a/k/a "Africa"  )<br>         Defendant.                     ) | |

## MOTION FOR AN
## ORDER OF FORFEITURE (MONEY JUDGMENT)
### (Corrected)

The United States of America, by its attorney, Nathaniel R. Mendell, Acting United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture (Money Judgment) in the above-captioned case pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 28 U.S.C. § 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Order of Forfeiture is submitted herewith. This motion corrects and replaces the Motion for Order of Forfeiture (Money Judgment) filed by the government on October 12, 2021 [Docket No. 97], which the government hereby withdraws. In support thereof, the United States sets forth the following:

1.   On July 30, 2019, a federal grand jury sitting in the District of Massachusetts returned a seven-count Indictment, charging defendant Yannick Minang (the "Defendant"), with Wire Fraud; Aiding and Abetting, in violation of 18 U.S.C. §§ 1343 and 2 (Counts One through Five); Unlawful Monetary Transactions, in violation of 18 U.S.C. § 1957 (Count Six); and Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Seven).

2.   The Indictment also included a general forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in

Counts One through Five of the Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

3.  The Indictment also included a Money Laundering allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offenses alleged in Counts Six and Seven of the Indictment, of any property, real or personal, involved in such offense, and any property traceable to such property.

4.  The Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b).

5.  On September 15, 2020, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Seven of the Indictment, pursuant to a written plea agreement that he signed on August 7, 2020.  See Docket No. 73. In Section 6 of the plea agreement, the Defendant agreed to forfeit to the United States $629,118 on the grounds that such amount constitutes, or is derived from, proceeds of the Defendant's offense and was involved in the Defendant's offense as a result of his guilty plea.  Id. At 4.

6. Since the execution of the plea agreement, the government has learned that $76,673.75 was returned to the victims. *See* PSR ¶ 34. Accordingly, the government agrees to reduce the amount of the forfeiture money judgment it seeks to $552,445.17.

7. Based on the Defendant's admission in the written plea agreement, the Pre-Sentence Report, and his guilty plea on September 15, 2020, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $552,445.17, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 28 U.S.C. § 2461(c). This amount represents the proceeds of the Defendant's crimes.

8. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace. *See, e.g., United States v. Ponzo*, 853 F.3d 558, 589-90 (1st Cir. 2017) (criminal forfeiture order may take several forms, including an *in personam* judgment against defendant for amount of money defendant obtained as proceeds of offense); *United States v. Zorrilla-Echevarria*, 671 F.3d 1, 11 n.15 (1st Cir. 2011) ("A criminal forfeiture may take the form of either (1) 'an in personam judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense,' (2) forfeiture of specific assets related to criminal activity, or (3) forfeiture of 'substitute assets' if the specific assets are unavailable.") (citation omitted); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (same).

9. Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment. *See Zorrilla-Echevarria*, 671 F.3d at 11 n.15 ("[a] money judgment permits the government to collect on the forfeiture order … even

if a defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, the government may seize future assets to satisfy the order"); *United States v. Saccoccia*, 564 F.3d 502, 506-07 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

      10.    Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States. Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461 and 18 U.S.C. § 982(b); *see also United States v. Saccoccia,* 354 F.3d 9, 15 (1st Cir. 2003) ("the government may utilize its enforcement powers under [18 U.S.C. §] 1963(k) to 'trace' tainted funds"); *United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

      WHEREFORE, the United States requests that this Court:

    (a)    enter the Order of Forfeiture (Money Judgment) in the form submitted herewith;

    (b)    retain jurisdiction in this case for purposes of enforcing the forfeiture;

    (c)    include the forfeiture, as set forth in the Order of Forfeiture (Money Judgment), in the oral pronouncement of the Defendant's sentence; and

(d) incorporate the Order of Forfeiture (Money Judgment) in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

                                        Respectfully submitted,

                                        NATHANIEL R. MENDELL
                                        Acting United States Attorney

By:    /s/ *Carol E. Head*
       CAROL E. HEAD
       Assistant United States Attorney
       United States Attorney's Office
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
       (617) 748-3100

Dated: October 15, 2021        carol.head@usdoj.gov