UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-CR-10264-PBS |
| | ) | |
| YANNICK MINANG, a/k/a "Africa" | ) | |
| Defendant. | ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

SARIS, D.J.

WHEREAS, on July 30, 2019, a federal grand jury sitting in the District of Massachusetts returned a seven-count Indictment charging defendant Yannick Minang (the "Defendant") with Wire Fraud; Aiding and Abetting, in violation of 18 U.S.C. §§ 1343 and 2 (Counts One through Five); Unlawful Monetary Transactions, in violation of 18 U.S.C. § 1957 (Count Six); and Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Seven);

WHEREAS, the Indictment also included a General forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One through Five of the Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses;

WHEREAS, the Indictment also included a Money Laundering allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offenses alleged in Counts Six and Seven of the Indictment, of any property, real or personal, involved in such offense, and any property traceable to such property;

1

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b);

WHEREAS, on September 15, 2020, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Seven of the Indictment, pursuant to a written plea agreement that he signed on August 7, 2020;

WHEREAS, in Section 6 of the plea agreement, the Defendant agreed to forfeit to the United States $629,118 on the grounds that such amount constitutes, or is derived from, proceeds of the Defendant's offense and was involved in the Defendant's offense as a result of his guilty plea;

WHEREAS, because $76,673.75 was returned to the victims,. the government agrees to reduce the amount of the forfeiture money judgment it seeks to $552,445.17;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on September 15, 2020, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $552,445.17 in United States currency, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 28 U.S.C. § 2461(c), and on October 12, 2021, the government filed a motion to enter an Order of Forfeiture Money

2

Judgment in the amount of $629,118;

WHEREAS, the amount of $552,445.17 constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C. §§ 1343 and 2, 18 U.S.C. § 1957, and 18 U.S.C. § 1956(h); and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.      The Defendant shall forfeit to the United States the sum of $552,445.17, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 28 U.S.C. § 2461(c).

2.      This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3.      The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4.      The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. 2461 and 18 U.S.C. § 982(b), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

3

5.      Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

Dated: _____

**PATTI B. SARIS**
United States District Judge

4