# **EXHIBIT 1**

```
 1                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS
 2

 3
                                     )
 4   UNITED STATES OF AMERICA,       )
                                     )
 5           Plaintiff,               )
                                     )  Criminal Action
 6   v.                              )  No. 1:19-cr-10369-MLW-1
                                     )
 7   BINTU TOURE,                    )
                                     )
 8           Defendant.              )
                                     )
 9

10

11          BEFORE THE HONORABLE MARK L. WOLF
                UNITED STATES DISTRICT JUDGE
12

13                       SENTENCING
                          Via Zoom
14
                    (Sealed Sidebar Removed)
15

16
                       April 16, 2021
17                        1:35 p.m.

18
             John J. Moakley United States Courthouse
19                     One Courthouse Way
                  Boston, Massachusetts 02210
20

21

22              Linda Walsh, RPR, CRR
                 Official Court Reporter
23       John J. Moakley United States Courthouse
              One Courthouse Way, Room 5205
24              Boston, Massachusetts 02210
                  lwalshsteno@gmail.com
25
```

```
 1    APPEARANCES:

 2    On Behalf of the Government:

 3         UNITED STATES ATTORNEY'S OFFICE
           By: AUSA William B. Brady
 4             AUSA Jordi deLlano
           1 Courthouse Way, Suite 9200
 5         Boston, Massachusetts 02210
           617-748-3100
 6         william.brady@usdoj.gov

 7
      On Behalf of the Defendant:
 8
           LAW OFFICE OF C. L. MALCOLM
 9         By: Christopher L. Malcolm, Esq.
           15 Court Square, Suite 1150
10         Boston, Massachusetts 02108
           617-645-0089
11         clmalcolm@gmail.com

12    ALSO PRESENT:  Ryan Fox, Probation

13

14

15              Proceedings reported and produced
                 by computer-aided stenography.
16

17

18

19

20

21

22

23

24

25
```

```
 1   she thinks is inaccurate?
 2              MR. MALCOLM:  No, Your Honor.  I just in the sentence
 3   memo described what additional information I thought the Court
 4   should consider regarding the amount of money and then, so,
 5   therefore, the offense level.  However, everything in the PSR
 6   we agree is accurate and --
 7              THE COURT:  Well, you didn't make any objection as
 8   required to the amount of the loss and --
 9              MR. MALCOLM:  We don't challenge the amount of the
10   loss.  We don't object to what the PSR states.
11              THE COURT:  All right.  Okay.  Ms. Toure, did you read
12   the presentence report?
13              THE DEFENDANT:  Yes, Your Honor.
14              THE COURT:  And is there anything in there that you
15   think is inaccurate?
16              THE DEFENDANT:  No, Your Honor.
17              THE COURT:  Okay.  Then there's one objection by the
18   Government for reasons we will discuss.  The Government asserts
19   that the total offense level -- well, Probation finds the total
20   offense level as 21, the criminal history category as I, the
21   guideline range is 37 to 46 months.  The Government argues that
22   the guideline -- the total offense level is 22, the criminal
23   history category is I, and the guideline range is 41 to 51
24   months.
25              I'll tell you that that dispute is not going to affect
```

Case 1:19-cr-10264-PBS   Document 107-1   Filed 10/22/21   Page 5 of 9

10

1  the sentence I impose.  Regardless of what the starting point
2  is, I'll get to the same sentence that will be sufficient and
3  no more than necessary, but while I'm not required to decide
4  this dispute since this seems to be a recurring issue and work
5  on this, I am inclined to decide it.  And I do believe that the
6  Government is correct about -- I think the most efficient way
7  for me to do this is to give you and Probation my reasoning in
8  some detail, and then give Probation and the defendant, and if
9  they want to, the Government an opportunity to respond.
10          But this is the Government's objection number 1.  The
11 dispute concerns the calculation of the base offense level
12 under Section 2B1.1(a).  That section provides that the offense
13 level is 7 if, A, the defendant was convicted of an offense
14 referenced in this guideline; and B, that the offense of
15 conviction has a statutory maximum term of imprisonment of 20
16 years or more, or (2) 6, otherwise.
17          Probation essentially argues that the money laundering
18 conspiracy to which the defendant has pled guilty does not
19 fulfill the requirements of Section 2B1.1(a)(1) because it is
20 not an offense referenced to this guideline and the base
21 offense level is therefore 6.  The Government, however, argues
22 that wire fraud satisfies the requirements because it is an
23 offense referenced to Section 2B1.1 and carries a maximum term
24 of 20 years.  Therefore, the Government contends the base
25 offense level is 7.  The Government does not appear to dispute

1   whether money laundering conspiracy references Section 2B1.1

2   and Probation does not dispute that wire fraud does reference

3   Section 2B1.1 and has a maximum term of possible imprisonment

4   of 20 years.  The dispute, therefore, is whether the Court

5   should be applying the criteria of Section 2B1.1(a)(1) money

6   laundering conspiracy to wire fraud.

7          I find that the Government correctly argues that the

8   Court should calculate the full offense level for wire fraud as

9   though it was a crime of conviction that issues and then use

10  the resulting number as the base offense -- for the base

11  offense level for the money laundering conspiracy count

12  pursuant to Section 2S1.1.

13         In other words, when considering whether the defendant

14  was convicted of an offense referenced to this guideline, the

15  Court should look to the offense of wire fraud because it is

16  calculating what the offense level for wire fraud -- for wire

17  fraud conviction would be.

18         The Government's position is supported by the First

19  Circuit's reasoning in *Cruzado*, C-r-u-z-a-d-o, *Laureano*, 440

20  F.3d 44 and 48 where the court wrote, before considering what

21  money laundering adjustments to apply to defendant's sentence,

22  the court first had to calculate the sentence as it would have

23  applied it to the underlying counts standing alone, making

24  reference to the underlying counts in the guidelines.

25         It is also supported by the Sentencing Commission's

1  discussion of a 2001 amendment that created the current money
2  laundering guideline because the Commission states that all
3  direct money launderers will receive an offense level that is
4  one to four levels greater than the chapter 2 offense to the
5  underlying offense.  That's in supplement to Appendix C,
6  amendments to the guideline annual November 1, 2001.  This
7  would not be true if the base offense level would be 7 for a
8  wire fraud offense but 6 for money laundering offense with an
9  underlying wire fraud offense.
10              As the Government notes, there's several circuits that
11  agree with this analysis.  They include the Ninth Circuit in
12  *Salado*, S-a-l-a-d-o, 590 Federal Appendix 692 and 693; the
13  Sixth Circuit in *Nikolovski*, N-i-k-o-l-o-v-s-k-i, 565 Federal
14  Appendix 397; and also a District Court in the Southern
15  District of New York, *Mirzoyan*, M-i-r-z-o-y-a-n, 217 Westlaw
16  1501394.
17              I recognize, as Probation points out, that two of my
18  colleagues have agreed with Probation's view.  Probation
19  originally or previously, historically took the Government's
20  present view.  It changed its view.  And Judge Burroughs in
21  *Kapoor*, K-o-p -- K-a-p-o-o-r, and Judge Gorton in *Colburn*,
22  C-o-l-b-u-r-n, denied the Government's objection based on the
23  same recommendation and reasoning by Probation.
24              However, I find that the other cases cited by
25  Probation are not persuasive on this point.  In Hallahan,

1    H-a-l-l-a-h-a-n, 756 F.3d 762, the Court did adopt Probation's
2    approach, but in that case the Government conceded the point
3    and the Seventh Circuit did not analyze the issue.  Probation
4    also relies on *Abdelsalam*, A-b-d-e-l-s-a-l-a-m, 311 Federal
5    Appendix 382 -- I'm sorry, 832 at 845, a Sixth Circuit case,
6    where the Sixth Circuit applied a base offense level of 6.
7    However, in *Nikolovski*, which I referenced earlier, the Sixth
8    Circuit clarified that the base offense level in Abdelsalam was
9    6 rather than 7 only because the underlying offense did not
10   carry a maximum sentence of 20 years or more.  That's in page
11   403, note 4 of *Nikolovski*.
12             For the same reason, Probation's reliance on *Zaranek*,
13   Z-a-r-a-n-e-k, 428 F.Supp.2d 697 in the Eastern District of
14   Michigan case is misplaced.  In that case the underlying crime
15   was embezzlement under Section 666, which carries a maximum
16   penalty of ten years.  So does the defendant or Probation want
17   to be heard on that analysis?
18             As I said, the sentence is going to be the same in any
19   event.
20             U.S. PROBATION:  Your Honor, Ryan Fox on behalf of
21   Probation.  We would just rely on our -- the information that
22   we presented in the presentence report.
23             THE COURT:  Thank you. And with my colleagues, I
24   appreciate, you know, the continuing careful consideration.  I
25   don't know that I'll write a decision on this, but you probably

1  should order the transcript so you can share it with your
2  colleagues and see if they find it persuasive.
3          All right.  So that objection is allowed.  There's no
4  other objection that affects the guideline range, correct?
5          MR. MALCOLM:  Correct.
6          MR. BRADY:  Correct, Your Honor.  I think we had
7  submitted it as three objections, but the other two objections
8  just follow from the conclusion on --
9          THE COURT:  Right, right.  So that's my understanding.
10 So based on the ruling I just made, the total offense level is
11 22, the criminal history category is I, the guidelines are 41
12 to 51 months in prison; 12 to 36 months supervised release.
13 Does the fine range change, Ms. Fox?
14         U.S. PROBATION:  It does not, Your Honor.
15         THE COURT:  It does not.  So, therefore, fine range is
16 $15,000 to $150,000; restitution is in the amount of
17 $552,445.17, and there's a mandatory $200 special assessment.
18         Do the parties agree that based on the rulings I've
19 made those are the guidelines?
20         MR. BRADY:  The Government agrees with that, yes, Your
21 Honor.
22         MR. MALCOLM:  Yes, Your Honor.
23         THE COURT:  All right.  Then what is the Government's
24 recommendation, and what are the reasons for it, please?
25         MR. BRADY:  Your Honor, the Government recommends a